3. May it please the Court, Rebecca Cook of Kirkland Ellis for the appellant, Jeffrey G. Walls. This case is about the Navy's failure to follow its regulations and defer Petty Officer Walls' transfer to the Fleet Reserve on the basis of medical board review or hospitalization. But there's no issue in this case that there's no claim that he should have been retired for disability, right? No, there's not, Your Honor. Which strikes me as a little odd. That seems to reflect an assumption on your part that he wasn't unfit for duty. Well, whether or not he was unfit for duty is a tangential issue to this case and to this appeal right now. Focusing on the issue of the deferment on the basis of medical board review, the critical question is not whether he was fit or unfit for duty. The critical question there is whether or not his fitness was questionable. And let me back up. I understand that, Your Honor. Before you get into the merits of this, what about justiciability, which is not something that either you or the government has mentioned. And there's language in the Fisher opinion that suggests that the question of whether somebody should have been retained on active duty or transferred to the reserves might not be a justiciable issue, unlike an issue about disability retirement. I don't know whether you've considered that at all. But in looking at Fisher again, I'm troubled by that issue. You know, Fisher says that the question of the military has to have discretion as to whom to keep on active duty and whom not to keep on active duty, that disability retirement claims are an exception to that. I don't know whether you're familiar with that language in Fisher, but it does seem to raise this justiciability question. Well, I think the way the events played out in this case, Mr. Walls was never even given the opportunity for disability evaluation. I think our case raises similar issues and would raise a justiciable question in this court. Why? He, we have a clear violation of Navy regulations. He's been harmed by that violation because he was denied a medical evaluation board. Yeah, well, I'm not sure that Fisher says that a violation of regulations where it's a question of keeping somebody in the military or excluding him is justiciable. But I don't want to take up your time with this. I just wanted to alert you that I have a concern about that. So why don't you go ahead. Okay, thank you, Your Honor. The, as I was saying, the first primary issue in this case is whether or not Mr. Walls was entitled to deferment on the basis of medical board review. Before he, in order to be deferred on the basis of medical board review, a physical evaluation board must accept a medical board report on a service member. And they only do that if his fitness is questionable, right? No, Your Honor. Now, the, yes, Your Honor, the medical evaluation board, once it convenes, it conducts investigation into the member's condition. No, but when it gets the reference from, the way this is structured, the medical evaluation board work is supposed to be completed before his release date, which I guess in this case is September 30th. So let's assume that you convince us that it should have been referred to a medical evaluation board. Okay, well and good. But in order to keep him in the military, the physical evaluation board has to accept that for processing. And the standard as to whether it accepts it for processing is whether his fitness for duty is questionable, right? No, Your Honor. No? The trigger, the, when the physical evaluation board accepts a medical board report on a service member, that does not have anything to do with the physical evaluation board's evaluation of his fitness. The physical evaluation board accepts a medical board report on a service member when it has received all the medical and non-medical paperwork for processing. That's the trigger for the firm. Where do I find what the standard is for a physical evaluation board accepting something for processing? Which regulation says what the standard is? That's in Secretary Navy instruction. Okay, but tell me where I find it. Okay. That would be in the appendix, page 362. It's Secretary Navy instruction 3- Wait, wait, wait. I'm sorry. 362? Yes, Your Honor. It's 3102B. And the relevant language indicates an individual case is accepted by the P.E.B. when all medical and non-medical information necessary to evaluate the case appropriately has been received by the P.E.B. So it's the receipt of information that is the trigger in this case. It's evaluation of the fitness comes later. So and as the lower court recognized, if Ms. Wait, wait. Yes, Your Honor. So if you look at the 364 criteria for referral to the physical evaluation board, it gets referred only by the medical board if the medical board has determined that his fitness is questionable. Right? Correct, Your Honor. Okay. So it seems to me there's not a difference here. In order to show that this would have been accepted for processing by the medical evaluation board, you have to convince us that the medical evaluation board would have found his fitness questionable. Correct? Correct, Your Honor. The medical... So how do we know that the medical board, if convened, would have made such a determination? Well, let me back up.  The lower court determined that Mr. Walsh could state a claim on this basis if he could show that the Navy violated its regulations in convening a medical evaluation board for Mr. Walsh. The Secretary Navy instructions make clear that questionable fitness is the trigger for getting a medical evaluation board. That medical evaluation board convenes to investigate and document the service member's condition. That critical investigation never occurred in this case. I don't think you're answering the question. I don't see how you can recover unless you can show that the corrections board should have determined that the medical evaluation board would decide that his fitness was questionable. So my question is, what's your proof? What proof did you present to the corrections board that would show that the medical evaluation board would have determined his fitness to be questionable? I think Your Honor raises an important question that requires a two-part answer. One, I would like to mention Dodson, which we discussed at length in our brief. Dodson makes clear that a plaintiff needs to plead and prove a violation of military regulations. Dodson makes clear that the service member does not need to prove that absent the military's error, he would have the adverse personnel action wouldn't have occurred. In this case, applying Dodson would indicate Mr. Walsh does not need to prove the PEB would have evaluated unfit or the MEB would have recommended. Let's suppose we reject that. Okay. What's the second point? The second point would you ask the question, well, what's in the record to indicate that Mr. Walsh's fitness was questionable? There are numerous records in the administrative record that indicate in the last 18 months of Mr. Walsh's career with the Navy, his fitness was rapidly declining. He had an MRI. He had a spine x-ray that indicated scoliosis. He had to go to the emergency room multiple times. The critical, critical fact that cannot be overlooked is that in September of 2000, before his retirement date, a Navy physician evaluated Mr. Walsh, evaluated his conditions in his back and his knee and determined, Mr. Walsh, you're not fit to retire. I'm recommending you for medical hold and for further evaluation and hospitalization. So that critical fact in the record caused the Navy to have a duty to convene a medical evaluation board for Mr. Walsh. But was he unable to perform his duties at that point? Did he continue performing his duties? Let me answer that question. Yes, he was performing his duties, but the question of how well is unclear from the record, but performing duties, that question comes in under an actual fitness inquiry. That is the inquiry that the PEB looks at. I want to be clear that questionable fitness entitles you to a medical evaluation board. That medical evaluation board convenes to actually investigate and document, okay, you're suffering from a potentially unfitting condition. I'm going to talk to your commanders. I'm going to see whether or not, how has this condition been affecting you? And I'm also going to ask, how may this condition continue to affect your ability to perform in the future? So these critical questions, this investigation, never happened for Mr. Walsh. But doesn't Mr. Walsh still have to carry the duty of showing that the MEB type of a report, the medical report, would have been accepted by the reviewing board? I would go back to Dodson. Dodson says the service member has to plead and prove, Dodson says the service member only has to plead and prove a violation of military regulations. We have to prove that it's harmful error. We most certainly have. Is that a Supreme Court case emphasizing the importance of the harmful error analysis? Correct, Your Honor, and we have harmful error in this case because if you look at the level of the BC&R, had the Board of Corrections applied the questionable fitness test, it would have determined that Mr. Walsh was entitled to a medical board. By looking at his actual fitness... Well, why is that true? Because it seems to me that the corrections board didn't believe his evidence of questionable fitness. They rejected it. Well, the... I don't believe that's correct, Your Honor. First of all, the BC&R bade its determination on the incomplete set of facts. Because an MEV was never convened, we don't have the investigation, the documentation, and collection of records on Mr. Walsh's condition. I should also note that the lower court flatly rejected the BC&R's finding that there was no evidence of significant spinal pathology. The lower court specifically noted that the BC&R did not explain its basis for this conclusion and that it ignored critical medical records in Mr. Walsh's record. Well, the Court of Federal Claims is reviewing the corrections board, right? Why shouldn't you have to present your evidence to the corrections board so it can reach a determination based on that evidence? Why should the Court of Federal Claims consider new evidence not presented to the corrections board? The... In military pay cases and disability retirement cases for... Since back to the 1940s, there has been... The courts have permitted plaintiffs to supplement the administrative record. The court... I'm not sure that that's consistent with Supreme Court cases, saying that where there's an agency decision, you consider the validity of that decision based on the record before the agency. I don't think there are any decisions of our court. Are there suggesting that you can go outside the record before the corrections board in judging whether the corrections board acted with substantial evidence? There are several cases where we have Brown v. United States, Beckham v. United States... Are these from our court? I believe Brown v. United States is, I can confirm that, but I do see that I am far into my rebuttal time. Let's hear from the other side. We'll save your rebuttal time and see if we can answer some of these questions. Mr. Kushner? May it please the court. This court should affirm the decision of the trial court because substantial evidence supports the board for correction of naval records determination that Mr. Walls was not entitled to active duty pay for the period of October 2000 through May 2001. Should our review of the corrections board decision be limited to the evidence before the corrections board? Although the trial court did consider the affidavit, it would appear based upon... There is some question about that based on yesterday's decision from this court in Axiom, which specifically cited the Florida Power and Light, indicating that where an agency makes a decision and then that decision is essentially appealed to the court of federal claims, the trial court's review should be limited to the materials presented to the agency in making its determination. Although Mr. Walls has in fact cited to several cases where the court of federal claims and the court of claims prior had considered affidavits or supplementary materials, all of those decisions are at least questionable based on yesterday's decision in Axiom. I always thought the philosophy of having this intermediate review by a trial court was to provide an opportunity at least from certain agency review rather than going directly to an appellate tribunal, as many agencies do, to provide an opportunity to bring in additional information if the petitioner needs it. Well, as yesterday's Axiom decision made fairly clear, although that was a big protest, it's still a review of an agency's determination. Supplementation of the record is appropriate where the record as presented by the agency would not allow for effective judicial review. In this particular instance, as I said, in this particular instance, the board here reviewed all of the evidence Mr. Walls had presented to support his claim and found no evidence that he was other than fit prior to his separation from the Navy on September 30, 2000. And there's no reason that the evidence couldn't be presented, the evidence of this affidavit couldn't have been presented to the Corrections Board? Yes. In fact, the Corrections Board had specifically asked for Mr. Walls to provide information regarding leave and earnings statements and a description of his unit and duties following remand from the Court of Federal Claims in 2005. And as the trial court notes, there's no indication in the record that Mr. Walls actually responded to that request. So although Mr. Walls could have submitted this affidavit before the board, there's a serious question now about whether he can submit that same affidavit to the trial court. Okay, suppose we put aside the affidavit. What is there in the record before the Corrections Board that would support a questionable fitness determination? That would support a questionable fitness determination? Nothing, Your Honor. There is his exit physical from June 2, 2000, in which he was proclaimed in good health, not taking any medications, having no significant back pain, and deemed qualified for separation by the reviewing medical professional. Mr. Walls went through subsequent medical examinations in August and September of 2000, but in none of those, including the document that contains the medical hold language, do any medical professionals deem him unable to perform his duties? In fact, that allegation only appears in his complaint and in his affidavit. Well, but it also appears in one of his medical records. There's unidentified handwriting by somebody saying that he should be subjected to a medical hold, right? Well, there is language indicating, I believe it's September 22nd document, indicating medical hold, but several points with respect to that. As the trial court noted, it's unclear who exactly wrote it. Although it appears on the medical document, it is in handwriting distinct from the reviewing physician, Dr. Cullum, and moreover, there's no evidence that a medical hold was actually implemented in this case. Well, that's what they're complaining about. The question is whether there should have been a medical evaluation board. Does the corrections board hold oral hearings on these things? I believe they can be requested, although there was not one done in this case. There was no request for it? Not that I'm aware of, no. It was not represented by counsel before the corrections board, was it? No. I don't believe you have a right- A pro se at that point. Yes, he was. With respect to requesting an MEB, can the corrections board direct one to be held before they make their final decision? It would appear that they could, specifically Section 3201 of the Secretary of the- But that's discretionary. It is discretionary, yes. Within the board's determination. Yes. So we would have to find an abuse of discretion in not making that determination and ordering an MEB. Yes. This court would have to find that there was no substantial evidence supporting the board's determination. Or an abuse of discretion for not ordering an MEB. Yes, I believe that's correct. Yes. Is that correct or not? Yes, that is correct. Importantly, Mr. Walls is required to show that by cogent and clearly convincing evidence that there is no substantial evidence supporting the board's determination in this case. It is not enough merely to point to contrary evidence in the record. And to be perfectly clear, there's not a lot of contrary evidence in the record here. There's no evidence that a medical hold was even implemented in this case. But he could have said the medical reports that at least are part of the record, not conclusive or otherwise, would indicate in the normal circumstances an MEB should have been called before the final determination was made by the board. Are you asking if he could allege that or if he could establish that? No, he could establish that. I don't believe there's a ... The government doesn't believe there's anything in the record to establish that his fitness was questionable prior to the date of his separation on September 30th. There's no medical indications as to his medical deficiencies prior to September 30th? No. There are medical records indicating that he visited doctors and that he did in fact have scoliosis. But there is nothing in any of those records indicating that his fitness was questionable. Well, how should we be proceeding in these cases, you know, where we have selection board issues under Ritchie and Porter? I don't know if you're familiar with those cases. We say that the remedy is to form a new selection board to determine how they would have acted. I mean, is that the appropriate procedure here if we conclude that there was evidence that should have required the convening of a medical evaluation board, that that should be the remedy, to send it back to the corrections board to have them convene such a board to make a determination of whether his fitness was questionable or not? Yes, that is the remedy. Although Mr. Walls, in a few footnotes in his brief, indicates that the remedy should be a presumption that he is entitled to recover his back pay, in fact, the proper remedy, the remedy imposed in several cases that Mr. Walls relies upon, including Farrell and Patterson. Those are core federal claims cases? Yes, they are. But in those cases, MEBs were convened well after the separation date. In both Farrell and Patterson, it was, I believe, between five and six years after the service member had separated from the service that an MEB ended up being convened. Were those disability cases? I believe they both were actual disability cases, which is not presented here, yes. But who would call that MEB at that point? An MEB may be convened by recommendation by a medical professional, although the regulations also provide essentially a bypass of the MEB if a cognizant body refers the individual to a PEB. And that's essentially what happened in this case, is that the Navy obtained an opinion from the Bureau of Medicine and Surgery, which indicated that they did not recommend him for forwarding to the PEB. So essentially, there's already been one board review of the evidence presented by Mr. Walls in this case. Medical evidence? Yes, of the medical evidence presented by Mr. Walls. So there is some medical evidence in the record at that point? There is medical evidence in the record. There is no evidence establishing that his fitness was questionable at the time of his separation. Well, except for the notation on the record that he should be given a medical halt. That sounds very much like a suggestion that his fitness was questionable. Although Mr. Walls attempts to make that argument, there actually is nothing in the Navy regulations and the trial court noted this in its opinion, that equates a medical hold with a questionability finding by a reviewing physician. And as the trial court also noted, it's simply unclear that a medical hold was actually implemented in this case. That is, Mr. Walls has not established clear and convincing evidence that any qualified physician found him unquestionably fit for duty prior to his separation from the Navy on September 30th. With respect to counts 1 and 2, Mr. Walls has failed to offer any evidence that he performed any duties after his separation from the Navy. The record establishes conclusively that he was in fact separated from the Navy on September 30th. It's not disputed what he was doing in that period at the hospital, is it? Actually yes it is, Your Honor. The record has only two pieces of evidence regarding Mr. Walls' stay at the National Naval Medical Center. But it wasn't contradicted, was it? I don't recall it being contradicted. I thought it was a premise of the situation that we're presented with. If you're asking if the government has conceded that he was in fact stationed at the National Naval Medical Center... No, you mentioned his duties. And what he was doing while he was there in response to various orders or, for all I know, volunteering. I gather that that was not in dispute. There is actually no evidence that he was ordered to report to the National Naval Medical Center. And although there is documentation that he visited the center twice... So you're saying that what he was doing is not in dispute. You're disputing whether he was ordered officially to be on duty at that time. Yes, Your Honor. It's a different question. Yes, there is no evidence that he was ordered to appear at the National Naval Medical Center. He says he appeared in uniform regularly and did whatever he was asked to do. I gather that that was not in dispute. Well, that allegation only appears in his complaint and in his affidavit. There is no supporting documentation. It wasn't contradicted in the answer, as I recall. The government actually, in this case, did not file an answer. It moved immediately for judgment on the administrative... But it certainly wasn't contradicted. But, again, it's Mr. Walz's duty to establish clearly convincing evidence that he was in fact performing duties after his separation from the Navy. He makes an allegation and no one says that's incorrect. What could be more clear and convincing? Of course, the Board, in the first instance, is allowed, is permitted, to weigh the credibility of claims presented to it. I thought this affidavit wasn't before the Corrections Board. It was not, but Mr. Walz had, in fact, I believe in letters, indicated that he was ordered to report. Letters that were before the Corrections Board. Letters that were, in fact, before the Corrections Board, yes. Simply put, there is no evidence that he performed any duties at the National Naval Medical Center other than what he alleges in his complaint in his affidavit, neither of which were before the Board. Again, the Board specifically asked Mr. Walz if he could provide documentation supporting what he claims to have done during that period of time, and he failed to do so. The Board's decision is therefore supported by substantial evidence. What about the justiciability question? Should we be worried about that? My understanding of Fisher is that military personnel cases like this one present justiciable issues where the military service has, in fact, created a process for evaluation and review. That the substantive merits of the decision are not necessarily reviewable, but failure to follow procedure is, and to the extent this Court finds that Mr. Walz is alleging the Navy failed to follow its own procedure, that would present a justiciable issue. But if there is no failure to follow the procedure, then I would agree that this case presents an issue that would be beyond this Court's jurisdiction, as it would fall within the purview of the military. And if there are no further questions, we would respectfully request that the Court... Any questions? Thank you. Thank you, Mr. Kiffin. Ms. Koch? I'd like to make sure that the record is clear. What is required for a service member to be entitled for a medical evaluation board to be convened? A service member is entitled to an MEB upon a showing that his fitness is questionable. What that means is if you have a... And as admitted by the government in its papers below, it's the qualified judgment by a treating physician that the service member's condition is potentially questionable. He's potentially unfit. We had the judgment of Dr. Cullum in this case, which indicates in her clinical opinion Mr. Walz's fitness was questionably unfit. Separate and apart from... Where is that on the record? That's on page 125 in the administrative record. That's her medical hold notation. And then if you also consider... Wait, wait, wait. 125? Yes. Where do we find that there? On page... Her notation indicates requesting the member be placed on medical hold status... That's the thing we were talking about earlier. That's her notation. We don't know that, do we? We don't know that. Right. We have alleged that that's her notation, and the government in its papers below has admitted that for the purposes of 12B6, the plaintiff's allegations must be considered as true. We've also alleged that Dr. Cullum informed Mr. Walz that in her opinion he wasn't fit to be retired. She was going to refer him on for medical board evaluation, but that did not occur in this case, and there's nothing in the record to indicate that the Navy made a conscious decision to reject her recommendation. Putting her recommendation aside, Mr. Walz's fitness was potentially unfitting at this time. He had an MRI. He had a spine X-ray. He was physically having problems at this point, which is documented in the record. So either because of Dr. Cullum's recommendation or because of his condition, the Navy did have a duty to convene an MEB for Walz, and it did not comply with that duty. But is that a discretionary function of the board at that point? No. The PEB board to call for a medical evaluation board to be established? No. Upon a showing of questionable fitness, the Secretary of Navy instructions make clear. It's mandatory? Yes, it's mandatory. Where is that? The relevant instructions of the Secretary of Navy instructions are 1005 and 3106. That would be pages 360 and 363 of the appendix. 3106 indicates there exists no authority to admit or postpone disability evaluation of a physical impairment, which renders questionable the ability of service members to perform their duties. So if it looks like you have a condition that renders you questionably fit, we have to give you an MEB. The Navy did not do that in this case. Where is the mandatory language? I would say there exists no authority to omit or postpone. 3106 indicates that this is mandatory. Upon a showing of questionable fitness, the Navy has to convene an MEB for a service member. And that would be consistent with the language in 1005, which indicates that it's not within the mission of the Navy to retain a member on active duty to provide prolonged definitive medical care if the member is unlikely to return to full duty. If a service member's fitness is potentially questionable, he needs to be reviewed by a medical evaluation board. Now, just briefly, going back to the supplementation of the record, in these types of cases it does happen. Courts have recognized that in military backpack cases and disability evaluation, service members often are not entitled to an hearing. In his papers to the BCNR, Mr. Walz did request a hearing. He was never received one. These cases allow a plaintiff to supplement the administrative record in recognition of the fact that these members haven't had a hearing. I don't understand how we can review a decision by the corrections board based on evidence which wasn't submitted to the corrections board. I mean, every other agent, there's one Supreme Court case after another after another, and it doesn't make any difference whether it's an appellate review or whether the review starts in the trial court. You've got to review it based on the agency record. Why should this be different? Well, the problem here is the lower court made the conscious decision to allow in Mr. Walz's declaration. The problem in the legal error that we would say is before the court on this issue is the court's violation of the substantial evidence standard of review. Upon admitting Mr. Walz's declaration, under the standard of review, the court was just supposed to determine whether or not the de novo evidence detracted from the weight of the administrative record such that the BCNR's decision lacked substantial evidence. I don't understand how you can say that they lacked substantial evidence based on evidence that was presented later on. I don't understand that. Your Honor, what we would assess is that there's zero evidence in the administrative record of Mr. Walz's services. Mr. Walz admits his declaration which provides evidence of what he was required by the Navy to do. The court allowed in that evidence if there were... Why shouldn't we just say, look, maybe Mr. Walz was under a misapprehension because the cases were all confusing. Let's send this back to the Corrections Board so we can present what evidence he wants to the Corrections Board and have them make a new determination. We think that would be the most fair method of action in this case. If the court had a question, it should have remanded it back. The court is not permitted to assess the credibility of this evidence. If there was an issue after she let it in, it should have been remanded back. As the court, as Your Honor has indicated earlier, remanding this case back to the BC&R is the best course of action in that because there was never... an MAB was never convened, we never had the assessment of Mr. Walz's medical condition, the important steps that were supposed to occur in this case under the Navy's regulations did not. Standing here today, we would ask that this case be put back before the MAB to apply... Corrections Board, ma'am. Excuse me. Yes, Your Honor. Thank you. Put back to the BC&R to actually apply the Navy's regulations and to determine what relief Mr. Walz is entitled to. Okay. Any more questions? I do have one other question. Are you doing this case pro bono? Yes, Your Honor. Okay. Any more questions? I appreciate your help. Okay. Thank you. Thank you, Ms. Koch. Ms. Giffney. This is taken under submission. All rise.